## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Michael D. Frischkorn<br>Frischkorn Law LLC<br>Fortville, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Donald Ray Steger,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 13, 2015<br><br>Court of Appeals Case No. 48A02-1409-CR-685<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Dennis D. Carroll, Judge<br><br>Cause No. 48C06-1303-FD-553 |

**FILED**
May 13 2015, 9:47 am
*Kevin S. Smith*
**CLERK**
of the supreme court,
court of appeals and
tax court

**Kirsch, Judge.**

[1] Donald Steger appeals the trial court's revocation of his probation and its imposition of a twelve-month sentence, raising the following restated issues:

> I. Whether the State presented sufficient evidence to support the revocation of Steger's probation; and

II. Whether the trial court's reasons for revoking Steger's probation are improperly reflected in the "Sanctions Order," the "Abstract of Judgment," and the Chronological Case Summary ("CCS").

We affirm and remand with instructions.

## Facts and Procedural History

The State charged Steger with Class D felony possession of methamphetamine, Class D felony possession of a controlled substance, Class D felony unlawful possession or use of a legend drug, Class D felony maintaining a common nuisance, and Class A misdemeanor possession of paraphernalia. Steger entered into a plea agreement, whereby he would plead guilty to Class D felony possession of methamphetamine,[1] and the State would dismiss the remaining charges. Sentencing was left open to the discretion of the trial court, with a cap of one year on the executed portion of the sentence.

On August 26, 2013, the trial court accepted Steger's guilty plea and sentenced him to twenty-four months, suspended to supervised probation. The pertinent conditions of Steger's probation required him to abstain from using alcohol and illicit drugs, maintain employment of at least thirty-five hours per week, and comply with the requirements of the Department of Child Services ("DCS") in connection with an adjudication that his child was in need of services. *Appellant's App.* at 107.

---

[1] *See* Ind. Code § 35-48-4-6.1(a). We note that, effective July 1, 2014, a new version of this criminal statute was enacted; however, because Steger committed his crimes prior to that date, we will apply the applicable statute in effect at that time.

During June and July of 2014, the Madison County Probation Department filed a notice of probation violation, an amended notice, a corrected notice, and finally, an "Amended/Corrected Notice of Probation Violation." *Appellant's Br*. at 2. The alleged violations included: failure to abstain from the use of alcoholic beverages/illicit drugs; failure to maintain employment and/or verify employment; and failure to comply with DCS, which has resulted in the removal of Steger's child. *Appellant's App.* at 91. Following a probation revocation hearing, the trial court found that Steger had violated the condition of probation that required him to comply with DCS, revoked his probation, and sentenced him to twelve months in the Department of Correction. Steger now appeals.

## Discussion and Decision

## I. Sufficiency of the Evidence

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014) (citing *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* Ind. Code § 35-38-2-3(a). We review a trial court's probation violation determination for an abuse of discretion. *Id.* (citing *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013)). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law. *Id.* "In considering this issue, we note that '[a] probation hearing is civil in nature and the State

need only prove the alleged violations by a preponderance of the evidence.'" *Carpenter v. State*, 999 N.E.2d 104, 106 (Ind. Ct. App. 2013) (quoting *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999)). We consider the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. *Id*. "If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation." *Id*. "[P]roof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation." *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*.

[7] On appeal, Steger contends that the State presented insufficient evidence to prove that he violated the condition of probation that required him to comply with DCS regarding his minor child. We disagree. During his probation revocation hearing, Tamara Rankin, a case manager for the Madison County DCS, testified that she had worked with Steger since he was arrested "at the meth lab" in March 2013. *Tr*. at 36. Rankin offered,

> [W]e attempted an informal adjustment through [DCS] due to failed drug screens and non-compliance with the recommendations for IOP[2] and at regular attendance. We went to Court and he was moved to a CHINS case and that was being monitored from, I believe it was

---

[2] While Rankin did not define the meaning of these three initials, we note that IOP can refer to an Intensive Outpatient Drug Treatment Program. *A.J. v. Marion Cnty. Office of Family & Children*, 881 N.E.2d 706, 710 (Ind. Ct. App. 2008), *trans. denied*.

September 2013. In April we asked the Judge to review the case because of failed drug screens again.

. . . .

[T]he judge ordered [Steger] to [1] provide the medication upon receipt from the [Veteran's Administration ("VA"] each month, [2] provide, provide valid prescriptions for [Rankin] to count and [3] [have] no more failed drug screens or [DCS would] remove the child . . . .

*Id.* at 36, 38. Steger was specifically instructed to provide DCS "with the actual pill bottles when [Rankin] would do the drug screens to confirm the quantities available." *Id.* at 38. Steger did not call when he received his prescriptions nor did he submit his bottles for pill counts, both of which were a violation of the order.[3] *Id.* at 39; *Appellant's App.* at 59.

[8]     Rankin testified that Steger had been placed in a "previous program through IOP," Aspire, but that he was terminated for non-compliance with the program. *Tr.* at 39. DCS attempted to make it more convenient for Steger to attend appointments and changed him to home-based services. *Id.* at 40. Rankin testified that there were "so many missed appointments that they [DCS] have

---

[3] The importance of the trial court's order regarding compliance with DCS was explained by Rankin as follows:

[Steger] is prescribed Hydrocodone <u>as needed</u>. However, he receives 150 pills per month by mail from the VA. Whether he takes all of the ones from the previous month or not. Given this, he should have them in his system if he is taking them all the time. If he isn't taking them, they won't be there, but he should have a boatload for me to count.

When he can't produce bottles for a pill count, we consider that a problem. On 4/8/14, the [judge] ordered him to give me the March & April bottles with the labels on them, which he did not ("didn't have them") and ordered him to tell me every time he received his medications in the mail, which he has not. He said he doesn't take them anymore, which is clearly not true based on his screens. So at this point he is not calling when he gets them <u>or</u> providing the bottles for pill count, both violating the 4/8/14 court order. (As well as testing positive for things he is not prescribed . . . .)

*Appellant's App.* at 59.

now discharged [him] from that as well." *Id*. "[A]s a result of Mr. Steger's failed screens, missed IOP treatment appointments, missed home-based services, and failure to comply with the Court ordered prescription order, the child was subsequently removed from the home." *Id*. at 40.

[9]     The trial court placed into context the importance of Steger complying with the condition of probation that he comply with DCS as follows:

> I was reviewing the probable cause affidavit Mr. Steger that resulted in your initial arrest and prosecution and conviction here and as I suspected there were concerns about the methamphetamine labs and methamphetamine precursors and use and activity with children involved in the area. And in fact some [of] these complaints came from neighbors and Child Protective Services got involved early on. In fact, Child Protective Services is mentioned in the probable cause affidavit. So there is a very good reason why the Court in its sentencing order required you to be fully cooperative with Child Protective Services. It would be hard to make the argument that what we have heard is an illustration of willing and eager participation with Child Protective Services. There has been opposition, there has been defiance, there has been non-cooperation and that is sanctionable and that's going to happen today. . . . There is no explanation for your defiance of and repeated problems with Child Protective Services as they work with you and they work with Aspire, so forth. And for that you will be sanctioned.

*Id*. at 49-51.

[10]    "[P]roof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation." *Bussberg*, 827 N.E.2d at 44. Here, the State presented sufficient evidence to prove that Steger violated the terms of probation. The trial court did not abuse its discretion when it revoked Steger's probation for failing to comply with DCS, a condition of his probation.

## II.  Correction of Written Orders

Steger also requests that we remand with instructions to correct the Sanctions Order, the Abstract of Judgment, and the CCS (collectively, "the Written Orders") to reflect the trial judge's stated reasons for revoking Steger's probation.  When oral and written statements conflict, we examine them together to discern the intent of the trial court.  *Walker v. State*, 932 N.E.2d 733, 738 (Ind. Ct. App. 2010)*.*  We may remand the case for correction of clerical errors if the trial court's intent is unambiguous.  *Id*. (citing *Willey v. State*, 712 N.E.2d 434, 445 n.8 (Ind. 1999) ("Based on the unambiguous nature of the trial court's oral sentencing pronouncement, we conclude that the Abstract of Judgment and Sentencing Order contain clerical errors and remand this case for correction of those errors.")).

At the probation revocation hearing, evidence was introduced that Steger submitted to drug screens.  "[A] combination of different drugs were found within those eleven (11) screens," including amphetamines.  *Tr*. at 20.  Steger had been prescribed numerous drugs.  *Id*.  While he did not have a prescription for amphetamines, Steger maintained that he took an over-the-counter medication that contained amphetamine.  *Id*. at 20, 41-42.  Regarding employment, Steger testified that he had worked for the same company for thirteen years, some of that time being within his probationary period.  *Id*. at 10-11.  He admitted, however, that he had worked only the occasional temporary job during the seven-month period prior to his probation revocation hearing.  *Id*. at 46-47.

[13] Here, the Written Orders set forth the following three reasons for revoking Steger's probation:

> This matter is before the Court for Evidentiary Hearing on Notice of Violation of Probation filed on 7-2-14. State appears by Tanisha Grooms. Defendant appears in person and by counsel, Robert Crane. Probation Department appears by Sharon Adams.
>
> Evidence heard and concluded. Court finds Defendant violated the conditions of probation as follows: 1) failed to abstain from the use of alcoholic beverages/illicit drugs during the period of probation during 9/30/13 and 6/16/14; 2) failed to comply with [t]he Department of Child Services, which resulted in the removal of his child; and 3) failed to maintain and/or verify employment.

*Appellant's App.* at 4 (CCS), 15 (Abstract of Judgment),[4] 17 (Sanctions Order). In his oral statement, however, the trial judge specifically found only one reason for revoking Steger's probation – Steger's failure to comply with the requirements of DCS. *Appellant's App.* at 107.

[14] The trial court reasoned:

> I'm convinced we don't have a sufficient basis on, on the testing [of drugs]. Much of the stuff there is valid scripts for. And amphetamine is a very amorphous kind of concept amphetamines [sic]. And, but I am very concerned about the Court's order to cooperate with and comply with all of the requirements of the Department of Child Services. When the State rested, subject to rebuttal, they have a pretty good case with the proposition that Mr. Steger had not been cooperating with the department . . .

---

[4] We note that the Abstract of Judgment omitted some of the third reason, as it stated only "and 3) failed to mainta." *Appellant's App.* at 15. It seems reasonable to conclude that the language pertaining to "failed to maintain and/or verify employment," was mistakenly omitted.

*Tr.* at 43. Later, the trial court also specifically found, "Thirteen (13) years of continuous employment, several months, but that would not be the basis for a revocation." *Id.* at 46.

[15] Given the unambiguous nature of the trial judge's stated reasons for revoking Steger's probation, i.e., exclusively for failing to comply with DCS, we conclude that the Written Orders improperly indicate that Steger's probation was revoked, in part, due to his failure to abstain from the use of illicit drugs and his failure to maintain and/or verify employment. We therefore remand with instructions that the trial court correct the clerical errors by removing these two alleged violations from the Written Orders and from any other pertinent documents.

[16] Affirmed and remanded with instructions.

Vaidik, C.J., and Bradford, J., concur.