

**FILED**

Jan 10 2017, 8:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Hilary Bowe Ricks
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Jacob Skipworth,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 10, 2017

Court of Appeals Case No.
49A02-1605-CR-973

Appeal from the Marion Superior
Court

The Honorable Kurt Eisgruber,
Judge

The Honorable Steven J. Rubick,
Magistrate

Trial Court Cause No.
49G01-1512-F5-44343

**Robb, Judge.**

# Case Summary and Issue

[1]     Following a bench trial, Jacob Skipworth was convicted of criminal confinement and strangulation, both Level 6 felonies. The trial court sentenced Skipworth to one year for each conviction, to be served concurrently. The trial court gave Skipworth 258 days' credit for time served and ordered the remaining 107 days to be suspended to probation. As a condition of probation, the trial court ordered Skipworth to complete twenty-six weeks of domestic violence counseling, and stated if Skipworth complied with all conditions of probation, it would grant alternate misdemeanor sentencing. Skipworth now appeals, raising one issue that we expand and restate as two: (1) whether the trial court abused its discretion in ordering domestic violence counseling, and (2) whether the trial court's oral and written sentencing statements conflict. Concluding the trial court did not abuse its discretion, but that the Sentencing Order and Abstract of Judgment contain clerical errors, we affirm and remand to the trial court to correct these errors.

# Facts and Procedural History

[2]     In the afternoon of December 9, 2015, Skipworth returned to the apartment he shared with his former girlfriend, Amber Parke. Skipworth arrived in a paranoid and erratic state of mind, telling Parke "people . . . were there to get him, harm him, kill him, and [that] . . . people were even on the roof." Transcript at 16. When Parke attempted to persuade him that no one was after him, Skipworth became irate and jumped on top of her. Skipworth straddled

Parke, placed his hands around her neck, and strangled her for two to five minutes before he stopped. At some point, Skipworth had also grabbed two kitchen knives; he held one to Parke's throat and wielded the other knife in a "threatening manner." *Id.* at 24. He told Parke to "be quiet because he didn't want people to hear [them] . . . and that there [were] people out to get him[.]" *Id.* at 23. Eventually, Skipworth received a phone call from his mother and went outside, allowing Parke to call the police.

[3] The State charged Skipworth with Count I, Intimidation, a Level 5 felony; Count II, Criminal Confinement, a Level 5 felony; Count III, Strangulation, a Level 6 felony; Count IV, Criminal Recklessness, a Level 6 felony; Count V, Domestic Battery, a Class A misdemeanor; Count VI, Battery Resulting in Bodily Injury, a Class A misdemeanor; and Count VII, Interference with Reporting a Crime, a Class A misdemeanor. A bench trial was held in March 2016, and the trial court dismissed Count V, Domestic Battery, following Skipworth's motion for involuntary dismissal. The trial court found Skipworth guilty of Criminal Confinement, a Level 6 felony and the lesser included offense of Count II, and Count III, Strangulation.

[4] At the sentencing hearing, the trial court sentenced Skipworth to one year on each conviction, to be served concurrently. The trial court gave Skipworth 258 days' credit for time served, and suspended the remaining 107 days to probation. The trial court further stated,

> He is placed on probation for a period of—or for the remainder of his one year sentence. While on probation he is to have no

> contact with the alleged victim in this case. He is to enroll in and complete a term of domestic counseling. Upon completion of his domestic violence counseling alternate misdemeanor sentencing shall be granted.

*Id.* at 105. When the trial court issued its written Sentencing Order and Abstract of Judgment, the trial court ordered Skipworth to complete "26 weeks" of domestic violence counseling and stated that upon successful completion of probation, alternate misdemeanor sentencing "shall be considered." Appellant's Appendix at 14, 16. Skipworth now appeals.[1]

# Discussion and Decision

## I. Domestic Violence Counseling

[5] Skipworth first argues the trial court abused its discretion in ordering domestic violence counseling. Specifically, he asserts because he was not convicted of domestic battery, it was unreasonable for the trial court to order him to enroll in and attend a domestic violence counseling course.

[6] We review a trial court's sentencing decisions for an abuse of discretion. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). An abuse of discretion occurs when a sentencing decision is "clearly against the logic and effect of the

---

[1] Skipworth was on parole at the time he committed these crimes. Following his sentencing, he was remanded to the Indiana Department of Correction and will not begin probation for this case until he has completed his current sentence.

facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (citation omitted).

[7] Initially, we note trial courts have broad discretion in determining the appropriate conditions of a defendant's probation. *Howe v. State*, 25 N.E.3d 210, 213 (Ind. Ct. App. 2015). This discretion is limited only by the principle that the conditions imposed must be reasonably related to the treatment of the defendant and the protection of public safety. *Id.* Further, Indiana Code section 35-38-2-2.3(a)(4) permits a trial court to, as a condition of probation, require a person to "[p]articipate in a treatment program, educational class, or rehabilitative service . . . ."

[8] We are unpersuaded Skipworth cannot be ordered to take domestic violence counseling simply because he was not convicted of domestic battery. As noted above, the trial court dismissed the domestic battery charge following Skipworth's motion for involuntary dismissal. In dismissing the charge, the trial court noted Parke's 911 call referred to Skipworth and herself as "just roommates." Tr. at 72. However, this does not fully describe their relationship. The record is clear Skipworth and Parke previously had an intimate relationship for several months and lived together at multiple residences. Following their break-up, Skipworth moved out for several months before returning and living with Parke as "just roommates." Regardless of their self-described "roommate" relationship, Skipworth's convictions of strangulation and criminal confinement involving a woman he had a previous intimate relationship with contain characteristics of domestic violence and the

trial court's dismissal of the domestic battery charge has no bearing on its ability to assess whether domestic violence counseling is necessary as a treatment program. Therefore, domestic violence counseling is reasonably related to Skipworth's treatment, and the trial court did not abuse its discretion in ordering Skipworth to complete domestic violence counseling.[2]

## II. Conflict Between Oral and Written Sentencing Statements

[9] Skipworth also contends there are two inconsistencies between the trial court's oral sentencing statement and its written Sentencing Order and Abstract of Judgment. When oral and written sentencing statements conflict, we examine them together to discern the intent of the sentencing court. *Walker v. State*, 932 N.E.2d 733, 738 (Ind. Ct. App. 2010). We may remand the case for correction of clerical errors if the trial court's intent is unambiguous. *Id.* (citing *Willey v. State*, 712 N.E.2d 434, 445 n.8 (Ind. 1999) ("Based on the unambiguous nature of the trial court's oral sentencing pronouncement, we conclude that the Abstract of Judgment and Sentencing Order contain clerical errors and remand this case for correction of those errors.").

---

[2] Skipworth also asserts it was improper for the trial court to condition alternate misdemeanor sentencing on his completion of domestic violence counseling. *See* Ind. Code § 35-50-2-7(c) (stating a trial court may enter judgment on a Level 6 felony as a Class A misdemeanor). However, Indiana Code section 35-38-1-1.5 expressly allows the trial court to condition alternate misdemeanor sentencing on a person's fulfillment of certain conditions. The statute states, a "court may enter judgment of conviction as a Level 6 felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor if the person fulfills certain conditions." Ind. Code § 35-38-1-1.5(a).

[10] Skipworth argues that the trial court's written sentencing statements erred by (1) making alternate misdemeanor sentencing discretionary upon successful completion of probation, and (2) requiring a twenty-six-week domestic violence counseling course as a condition of probation because it is impossible to complete before his suspended sentence expires. We agree with Skipworth that the written Sentencing Order and Abstract of Judgment contain clerical errors.

[11] First, Skipworth argues the trial court erred by making alternate misdemeanor sentencing discretionary upon successful completion of probation. As noted above, the trial court stated at the sentencing hearing, "[u]pon completion of his domestic violence counseling alternate misdemeanor sentencing shall be *granted*." Tr. at 105 (emphasis added). The Sentencing Order and Abstract of Judgment, however, state that alternate misdemeanor sentencing "shall be *considered* after successful completion of probation." Appellant's App. at 14, 16 (emphasis added).

[12] Although there is no guarantee that Skipworth will successfully complete his probation, Indiana Code section 35-38-1-1.5(d) clearly states the trial court "shall enter judgment of conviction as a Class A misdemeanor if the person fulfills the conditions set by the court." The condition set by the trial court in its oral sentencing statement, and which we believe represents the unambiguous intent of the trial court, is that alternate misdemeanor sentencing *shall* be granted upon Skipworth's successful completion of domestic violence counseling. If Skipworth meets this requirement, the statute mandates the trial court shall enter a judgment of conviction as a Class A misdemeanor without

discretion to consider otherwise. Therefore, the written Sentencing Order and the Abstract of Judgment contain a clerical error and we remand to the trial court to correct the error.

[13] Second, Skipworth argues the trial court ordered a condition of probation that is impossible for him to complete. As noted above, the trial court sentenced him to one year, awarded him 258 days' credit for time served, and suspended the remaining 107 days to probation. In its oral sentencing statement, the trial court stated, "[Skipworth] is to enroll in and complete *a term* of domestic counseling. Upon completion of his domestic violence counseling alternate misdemeanor sentencing shall be granted." Tr. at 105 (emphasis added). In the written Sentencing Order and Abstract of Judgment, the trial court noted alternate misdemeanor sentencing "shall be considered after successful completion of probation." Appellant's App. at 14, 16. By the terms of the Sentencing Order and Abstract of Judgment, for Skipworth to be eligible for alternate misdemeanor sentencing, he must successfully complete probation. To successfully complete probation, he must enroll in and complete a twenty-six-week (or 182-day) domestic violence counseling course, which is impossible to fulfill in 107 days.

[14] We do not believe it was the trial court's intent for Skipworth to *complete* domestic violence counseling as a *condition of probation*, as clearly this is an impossible achievement. Rather, to comply with his conditions of probation, Skipworth must (1) comply with all standard conditions of probation, and (2) enroll in and attend a twenty-six-week domestic violence counseling course

until his probationary period terminates. If he wishes to become eligible for alternate misdemeanor sentencing and have his Level 6 felonies converted to Class A misdemeanors, he must complete the twenty-six-week domestic violence counseling course as ordered by the trial court. The alternate misdemeanor sentencing statute does not limit the trial court to the probationary period; rather, it only states "the conviction will be converted to a conviction as a Class A misdemeanor if the person fulfills certain conditions." Ind. Code § 35-38-1-1.5(a). Therefore, if Skipworth wishes to obtain alternate misdemeanor sentencing, he must comply with the trial court's conditions. However, we conclude the trial court's Sentencing Order and Abstract of Judgment contains a clerical error conditioning alternate misdemeanor sentencing on the successful completion of probation rather than successful completion of domestic violence counseling and we remand to the trial court to correct this error.

## Conclusion

[15] We conclude the trial court did not abuse its discretion in ordering domestic violence counseling. However, the trial court's Sentencing Order and Abstract of Judgment contain clerical errors and we remand to the trial court to correct those errors.

[16] Affirmed and remanded.

Kirsch, J., and Barnes, J., concur.