## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 28 2017, 6:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Douglas Alan Burris, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 28, 2017 <br><br> Court of Appeals Case No. <br> 22A05-1704-CR-809 <br><br> Appeal from the Floyd Superior Court <br><br> The Honorable Maria D. Granger, Judge <br><br> Trial Court Cause Nos. <br> 22D03-1605-F5-1170 <br> 22D03-1610-F6-2190 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial, Douglas Burris was convicted of possession of chemical reagents or precursors with intent to manufacture a controlled substance, a Level 6 felony; visiting a common nuisance, a Class B misdemeanor; possession of methamphetamine, a Level 6 felony; resisting law enforcement, a Class A misdemeanor; false informing, a Class B misdemeanor; and possession of paraphernalia, a Class C misdemeanor. Burris appeals his conviction, raising several issues for our review, which we consolidate and restate as: 1) whether the trial court committed fundamental error in admitting certain evidence; and 2) whether the trial court's sentencing statement contains a clerical error. Concluding the trial court did not commit fundamental error, but that the trial court's written sentencing statement contains a clerical error, we affirm Burris' convictions and remand to the trial court to correct the sentencing statement.

# Facts and Procedural History

[2] On May 28, 2016, Floyd County Deputy Sheriff Brian Case initiated a traffic stop of a vehicle driven by Christopher Dowdle. Burris was a passenger in the vehicle. Because there was an active warrant for Dowdle's arrest, Officer Case immediately placed Dowdle under arrest. Shortly thereafter, Officer Theodore Comer, Sr., from the Georgetown Police Department arrived at the scene to assist Officer Case.

[3] Following Dowdle's arrest, the officers conducted an inventory search of the vehicle and found narcotics and precursors to the manufacture of methamphetamine. Specifically, the officers found heroin, methamphetamine, marijuana, ecstasy, and paraphernalia including plastic bottles, forty-seven pseudoephedrine pills, a glass jar, clear plastic tubing, plastic bags, lithium batteries, and lighter fluid. Burris admitted the pseudoephedrine pills belonged to him. Burris was arrested and subsequently released after posting bond.

[4] The State charged Burris, under cause number 22D03-1605-F5-001170 ("Cause 1170"), with dealing in methamphetamine, a Level 5 felony; possession of a narcotic drug, a Level 6 felony; possession of chemical reagents or precursors with intent to manufacture a controlled substance, a Level 6 felony; possession of paraphernalia, a Class C misdemeanor; possession of marijuana, a Class B misdemeanor; and visiting a common nuisance, a Class B misdemeanor.

[5] On October 18, 2016, Officers Eric May and Lynn Darensbourg of the New Albany Police Department were dispatched to investigate a suspicious person. When the officers arrived at the residence, there was a black Ford Ranger parked next to the house. They discovered the Ford Ranger belonged to Burris. The officers also observed a man, later identified as Burris, walking away from the home. When speaking with officers, Burris identified himself as "Daniel M. Edsell" and told the officers that a friend had dropped him off before denying the Ford Ranger belonged to him. Doubting his story, Officer May searched the Ford Ranger and found a cell phone that contained photos of Burris. Burris then admitted his true identity. Shortly thereafter, while speaking with the

officers, Burris kicked off his flip flops and attempted to flee, but the officers apprehended him following a fifteen-minute pursuit.

[6] A search of Burris' Ford Ranger revealed a bong with green liquid inside, a straw used to snort drugs, a bag containing a white substance, and a bag containing methamphetamine. The bag containing methamphetamine was found inside a wallet. The wallet also contained the driver's license of Daniel Edsell.

[7] The State charged Burris, under cause number 22D03-1610-F6-002190 ("Cause 2190"), with possession of methamphetamine, a Level 6 felony; resisting law enforcement, a Class A misdemeanor; false informing, a Class B misdemeanor; and possession of paraphernalia, a Class C misdemeanor.

[8] In December of 2016, Burris and the State agreed to consolidate Cause 1170 and Cause 2190 for trial. At trial, due to the availability of witnesses, the State presented the cases in reverse chronological order, with the October 2016 case being presented before the May 2016 case. When Officer Comer was asked why he decided to come to the traffic stop to assist Officer Case, he testified he had "previous knowledge" of Dowdle and Burris and thought he could assist Officer Case. Transcript, Volume II at 180, 182, 184. Burris did not object to Officer Comer's testimony. In addition, during defense counsel's cross-examination of Officer Case, defense counsel inquired about Dowdle and asked if any other officers had "experiences with Mr. Dowdle[?]" *Id.* at 237. Officer Case responded, "I was also told by other officers that they've had experiences

with Mr. Burris also." *Id.* Following this response, Burris moved for a mistrial. The trial court denied Burris' motion for a mistrial but admonished the jury they were to disregard Officer Case's statement.

[9] For the charges filed under Cause 1170, the jury found Burris guilty of possession of chemical reagents or precursors with intent to manufacture a controlled substance and visiting a common nuisance. Under Cause 2190, the jury found Burris guilty of possession of methamphetamine, resisting law enforcement, false informing, and possession of paraphernalia. The trial court orally sentenced Burris to 900 days in the Indiana Department of Correction ("DOC") for possession of chemical reagents or precursors and 180 days for visiting a common nuisance. The sentences under Cause 1170 were to run concurrent to each other and consecutive to the sentences under Cause 2190. Under Cause 2190, the trial court sentenced Burris to 900 days in the DOC for possession of methamphetamine, 360 days for resisting law enforcement, 180 days for false informing, and sixty days for possession of paraphernalia. The trial court ordered Burris' sentence for resisting law enforcement to run consecutively to his sentence for possession of methamphetamine but concurrently with his remaining offenses of false informing and possession of paraphernalia. The trial court stated Burris' total sentence is 2160 days in the DOC. *See* Tr., Vol. III at 99. Burris now appeals.

# Discussion and Decision

# I. Admission of Evidence

Burris first argues the trial court abused its discretion in admitting evidence of Burris' character and criminal history. A trial court has broad discretion in ruling on evidentiary admissions. *Erickson v. State*, 72 N.E.3d 965, 969 (Ind. Ct. App. 2017), *trans. denied*. We review its rulings for abuse of discretion, which occurs when its decision was clearly against the logic and effects of the facts and circumstances. *Id.*

Burris alleges the State elicited a "drumbeat repetition" of character evidence and criminal history which should have been excluded pursuant to Indiana Rule of Evidence 404.[1] Brief of Appellant at 22. Specifically, Burris alleges Officer Case and Officer Comer offered unsolicited comments suggesting they had previous encounters with Burris that amounted to character evidence and

---

[1] Indiana Rule of Evidence 404 provides:

> (a) Character Evidence.
>
> (1) *Prohibited Uses*. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
>
> * * *
>
> (b) Crimes, Wrongs, or Other Acts.
>
> (1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

criminal history.  Burris complains of the following testimony from Officer

Comer and Officer Case:

[State]: [Y]ou were familiar with these two (2) subjects?

[Officer Comer]: Yes.

[State]: Okay.  And you had some information that you thought would be helpful in this investigation?

[Officer Comer]: Yes.  I had knowledge of . . . knowledge and information on both subjects.

[State]: [O]nce you were . . . at the scene, what did you observe?

[Officer Comer]: I observed the two (2) subjects that I have previous knowledge of were at the scene and they were both detained.

* * *

[State]: [I]n your assisting capacity there . . . did you observe anything else that you believe would be relevant to the jury?

[Officer Comer]: [O]ther than the—the methamphetamine and the prior knowledge that these subjects might have had . . . these items in their possession, no.

    * * *

[Defense]:     Were you requested to be there or did you just hear about it and decided to show up on your own?

[Officer Comer]:  I showed up on my own for the . . . mere fact that because I had the prior information about these two subjects.

Tr., Vol. II at 180-84.

[Defense]:     [W]as this [Dowdle's] first rodeo [with law enforcement]?

[Officer Case]:  This was my first experience with Mr. Dowdle . . . besides what other officers had told me.

[Defense]:     But other officers had many experiences with Mr. Dowdle, correct?

[Officer Case]:  And I was also told by other officers that they've had experiences with Mr. Burris also.

*Id.* at 237.

[12] First, we note following Officer Case's testimony, Burris immediately moved for a mistrial and requested the trial court admonish the jury.[2] Although the trial court denied his motion for a mistrial, it did admonish the jury, stating,

> [M]embers of the jury . . . the Court is striking the last response . . . of Officer [Case] . . . as it pertains . . . to any dealings involving [Burris]. [T]he Court is admonishing you . . . to disregard that response that has been stricken and to give it no further consideration.

[13] *Id.* at 239. This court may presume a timely and accurate admonishment by the trial court will cure any defect in the admission of evidence. *Green v. State*, 587 N.E.2d 1314, 1317 (Ind. 1992). Burris has not offered any valid reasons[3] why this admonishment was insufficient, and we conclude the trial court's admonishment to the jury cured any possible error in Burris' question and Officer Case's answer.

[14] Second, Burris did not object to any of Officer Comer's testimony. Consequently, he has waived this issue for appeal unless fundamental error has occurred. *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013). Anticipating his waiver of the issue, Burris alleges the trial court committed fundamental error

---

[2] The State argues Burris has waived this argument because he did not object. However, Burris' immediate motion for mistrial and request for an admonishment are sufficient to preserve this issue for appeal.

[3] Burris alleges the admonishment was insufficient because the trial court failed to also admonish the jury regarding Officer Comer's statements; however, as we discuss below, Burris did not object during Officer Comer's testimony.

in admitting this evidence. We disagree, and conclude the admission of this evidence does not constitute fundamental error.

[15] Fundamental error is an extremely narrow exception to waiver that applies only when the error amounts to a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006). The claimed error must be so prejudicial to the rights of a defendant as to make a fair trial impossible. *Taylor v. State*, 717 N.E.2d 90, 93-94 (Ind. 1999).

[16] Burris equates his case to *Oldham v. State*, 779 N.E.2d 1162 (Ind. Ct. App. 2002), *trans. denied*. There, the defendant was convicted of murder and carrying a handgun without a license. At trial, the State introduced business cards and photos of the defendant with text reading, "'America's Most Wanted,' 'Wanted for: robbery, assault, arson, jaywalking,' 'Considered armed and dangerous,' and 'Approach with extreme caution.'" *Id.* at 1171. The defendant asserted the admission of that evidence was fundamental error that prejudiced the jury against him.

[17] On appeal, we determined the State used the photographs to suggest the defendant was dangerous. Because the manner in which the State introduced the evidence suggested the defendant had the characteristics of one who would have guns and kill another person, its introduction would require the defendant to refute not only the charged crimes but also the character evidence. *Id.* at

1173. As such, we concluded the admission of the evidence was fundamental error. *Id.* at 1174.

[18] Burris' comparison of his case to *Oldham* is inapposite. As we stated in that case, the State's evidence sought "to paint [the defendant] as a dangerous criminal" and "was obviously inadmissible" under Indiana Rule of Evidence 404. *Oldham*, 779 N.E.2d at 1172. Here, the trial court issued a timely admonishment following Officer Case's unsolicited comment and Officer Comer's comments he had "prior information" or "previous knowledge" of Dowdle and Burris were vague, innocuous, and used to explain why he assisted with the traffic stop. Tr., Vol. II at 180-82. Although these comments also may have been properly excluded upon objection or warranted an admonishment to the jury, any error does not rise to the level of fundamental error. *See Taylor v. State*, 86 N.E.3d 157, 161-63 (Ind. 2017) (holding no fundamental error occurred despite the State repeatedly referring to a defendant accused of murder by his nickname, "Looney the Shooter"). Moreover, by the time Officer Comer testified, the jury had already heard the State's presentation of Cause 2190, which included overwhelming evidence Burris had an encounter with police officers, lied to those officers, fled from them, and had narcotics in his vehicle. Presumably, these comments did not cause the jury to infer a criminal character any more than the fact they had just heard overwhelming evidence of his October encounter with the police. We conclude admission of this testimony did not deny Burris due process and therefore does not rise to the level of fundamental error.

## II. Burris' Sentence

Burris also alleges the trial court's written sentencing statement for Cause 2190 contains a clerical error. Specifically, Burris notes the written sentencing statement orders Burris' sentences for possession of methamphetamine, resisting law enforcement, and false informing to run consecutively to each other, contrary to the trial court's oral pronouncement. The State concedes, and we agree, this written sentencing statement contains an error.

When oral and written sentencing statements conflict, we examine them together to discern the intent of the sentencing court. *Skipworth v. State*, 68 N.E.3d 589, 593 (Ind. Ct. App. 2017). We may remand the case for correction of clerical errors if the trial court's intent is unambiguous. *Id.*

At the sentencing hearing, the trial court stated,

> [F]or the Possession of Methamphetamine . . . I'm gonna (sic) order nine hundred (900) days . . . . [F]or the Resisting Law Enforcement . . . I'm gonna (sic) order three hundred and sixty (360) days. It will run consecutive to . . . the Possession of Methamphetamine . . . so that would make a total one thousand two hundred and sixty (1260) day sentence. For the False Informing, a hundred and eighty (180) days and Possession of Paraphernalia, sixty (60) days. I will run those concurrent to each other and to the Resisting Law Enforcement offense . . . . [T]hat amounts to a total between the two (2) cases [Cause 1170 and Cause 2190] of two thousand one hundred and sixty (2160) days.

Tr., Vol. III at 99. As noted by the parties, the written sentencing statement for Cause 2190 orders Burris' sentences for possession of methamphetamine, resisting law enforcement, and false informing to run consecutively to each other.

[22] The trial court's oral sentencing statement unambiguously evinces its intent for Burris to serve a total of 2160 days in the DOC, with his sentences under Cause 1170 and Cause 2190 to be served consecutively. If the written sentencing statement was correct, Burris would serve a total of 2340 days in the DOC. Thus, we conclude the trial court's written sentencing statement contains a clerical error and we remand to the trial court to correct the error and order Burris' sentence for false informing to run concurrently with his sentences for resisting law enforcement and possession of paraphernalia.

# Conclusion

[23] We conclude any error in the admission of evidence does not rise to the level of fundamental error. However, the trial court's written sentencing statement contains a clerical error and we remand to the trial court to correct that error.

[24] Affirmed and remanded.

Riley, J., and Pyle, J., concur.