Cullen Davis WALKER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A03–1003–CR–115.

Court of Appeals of Indiana.

Aug. 17, 2010.

Rehearing Denied Oct. 27, 2010.

Neil L. Weisman, South Bend, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana. Nicole Dongieux Wiggins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Cullen Davis Walker was convicted of burglary, robbery, and criminal confinement, all as Class B felonies. On appeal, he contends that two of these convictions should be vacated pursuant to the continuing crime doctrine. We conclude that the continuing crime doctrine does not apply because Walker was charged with distinct chargeable crimes. However, after considering the oral and written sentencing statements, we conclude that Walker's conviction for criminal confinement is improperly reflected in the Amended Judgment of Conviction & Sentencing Order ("Amended Judgment") and Chronological Case Summary. We therefore affirm and remand for corrections to these written documents.

### Facts and Procedural History

One morning in December 2008, Nicole Jefferson, Jerry Slisz, and Josh Longerot were sleeping in their house at 1215 Blaine Avenue, South Bend, Indiana. An acquaintance of Nicole knocked on her window and asked to use a phone to call for a ride. Nicole let her in and gave her a phone. After she made her calls, the acquaintance gave the phone back to Nicole, who took it upstairs to the bathroom. By this time, two other girls had arrived and were talking to Jerry in the living room.

When there was a knock at the door, the acquaintance said, "[O]h, that's my ride,"

Tr. p. 402, and unlocked it. Walker then kicked in the door, entered the house with a gun, and ordered everyone upstairs. The acquaintance left the house, and Jerry and the other two girls went upstairs into Jerry's bedroom, followed by Walker. Walker ordered them to strip and bound their hands and feet with duct tape. He then kicked in the bathroom door, "snatche[d] [Nicole] off of the toilet," *id.* at 461, put a gun to her head, and told her to "give [him] the money," *id.* at 461–62. Nicole gave him $300. Walker then ordered her to strip and bound her hands and feet with duct tape in Jerry's bedroom. Walker searched the house. He returned to Jerry's room and ordered Nicole downstairs. When she was unable to go down the stairs with her feet bound, Walker picked her up and took her downstairs. Walker ransacked the house, putting stolen items into a bag.

In the meantime, Josh was awakened in his bedroom by the sound of a male voice he did not recognize yelling in the upstairs hallway. Josh quickly dressed and grabbed a steel bar. Walker kicked open the door to his room but did not see Josh standing around the corner. After Walker left the room, Josh escaped out a bedroom window and called the police from a nearby house.

Officer David Heighway of the South Bend Police Department was dispatched to 1215 Blaine Avenue in response to a home invasion. He saw Walker appear from the front of the house and yelled for him to stop. Walker took off running. Other officers who arrived in the area searched for Walker and eventually found him hiding in the attic of a vacant house. Walker was found with, among other things, 3.27 grams of crack cocaine.

The State charged Walker with Class B felony burglary[1] (Count I), Class B felony robbery[2] as to Nicole (Count II), two counts of Class B felony criminal confinement[3]—one as to Nicole (Count III) and one as to Jerry (Count IV)—and Class C felony possession of cocaine[4] (Count V). A jury convicted Walker on all counts. At sentencing, the trial court vacated the judgment of conviction on Count III, finding that it merged with Count II. The court sentenced Walker to eighteen years on Count I, twenty years on Count II, eighteen years on Count IV, and six years on Count V. Counts I and V were ordered to run concurrently, with all other counts to run consecutively, for an aggregate sentence of fifty-six years. Walker now appeals.

**Discussion and Decision**

Walker contends that his burglary and criminal confinement convictions should be vacated pursuant to the continuing crime doctrine. He also notes and the State agrees that there are errors in the Amended Judgment.

**I. Continuing Crime Doctrine**

Walker contends that his burglary and criminal confinement convictions should be vacated pursuant to the continuing crime doctrine. The continuing crime doctrine essentially provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction. *Riehle v. State*, 823 N.E.2d 287, 296 (Ind.Ct.App. 2005), *trans. denied.*

1. Ind.Code § 35–43–2–1(1)(B)(i).

2. Ind.Code § 35–42–5–1.

3. Ind.Code § 35–42–3–3(b)(2)(A).

4. Ind.Code § 35–48–4–6(b)(1)(A).

We first address the relationship between Indiana's prohibition against double jeopardy and the continuing crime doctrine. We then address whether the continuing crime doctrine is applicable to Walker's convictions.

### A. Double Jeopardy and the Continuing Crime Doctrine

Walker states that "Indiana law contains a 'continuing crime doctrine' that is separate and distinct from the constitutional protection against double jeopardy set out in Indiana Constitution Article I, Section 14." Appellant's Br. p. 6. He then asserts that his claim on appeal is based on Indiana's continuing crime doctrine and not double jeopardy. *Id.* at 7.

The double jeopardy clause of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14.

Contrary to Walker's contention, the continuing crime doctrine reflects a category of Indiana's prohibition against double jeopardy. *See Boyd v. State,* 766 N.E.2d 396, 400 (Ind.Ct.App.2002). In *Boyd,* the defendant both moved the victim from one place to another and attempted to confine the same victim in one place. *Id.* at 398. The defendant was convicted of criminal confinement pursuant to the subsection of the confinement statute regarding removal from one place to another and attempted criminal confinement pursuant to the subsection regarding nonconsensual restraint in one place. *Id.* at 401. On appeal, the defendant argued that since the confinement was continuous, he could be properly convicted of only one confinement offense. *Id.* at 399. He relied on *Idle v. State,* 587 N.E.2d 712, 718 (Ind.Ct. App.1992), *trans. denied,* where we vacated one of two criminal confinement convictions, even though each was based on a violation of a different subsection of the confinement statute, because there was only one continuous episode of confinement of the victim. *Boyd,* 766 N.E.2d at 400. The State responded that *Idle* was superseded by our Supreme Court's decision in *Richardson v. State,* 717 N.E.2d 32, 49 (Ind.1999), which held that "two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Boyd,* 766 N.E.2d at 400.

We disagreed with the State, first noting that *Idle* was not among the cases listed by *Richardson* as superseded by its holding, and then stating:

> [T]he State's application of the *Richardson* test is overbroad. The statutory elements and actual evidence tests are designed to assist courts in determining whether *two separate chargeable crimes* amount to the "same offense" for double jeopardy purposes. The continuous crime doctrine does not seek to reconcile the double jeopardy implications of two distinct chargeable crimes; rather, it defines those instances where a defendant's conduct amounts only to a single chargeable crime. In doing so, the continuous crime doctrine prevents the state from charging a defendant twice for the same continuous offense.

*Id.* Finding that the defendant subjected the victim to one continuous episode of confinement, we vacated the attempted criminal confinement conviction. *Id.* at 401.

■ *Boyd* thus clarified that while Indiana's double jeopardy clause prohibits convicting a defendant of two or more distinct chargeable crimes when they constitute the "same offense" under

*Richardson,* it also prohibits convicting a defendant multiple times for the same continuous offense.

### B. Applicability of the Continuing Crime Doctrine

■ We next address whether the continuing crime doctrine is applicable to Walker's convictions.

It is apparent from *Boyd* that the continuing crime doctrine does not apply to factual situations where a defendant is charged with two or more distinct chargeable crimes. *See also Firestone v. State,* 838 N.E.2d 468, 472 (Ind.Ct.App.2005) (convictions of rape and criminal deviate conduct did not violate continuing crime doctrine because defendant "clearly committed two different offenses at different times").

■ Instead, the continuing crime doctrine may apply to those situations where a defendant has been charged multiple times with the same offense, which includes two scenarios. First, a defendant is charged multiple times with the same offense when he or she is charged multiple times with one offense. *See Haggard v. State,* 445 N.E.2d 969, 972–73 (Ind.1983) (multiple convictions of criminal confinement), *modified on other grounds by Bailey v. State,* 472 N.E.2d 1260, 1263 (Ind. 1985); *Nunn v. State,* 695 N.E.2d 124, 125 (Ind.Ct.App.1998) (multiple convictions of attempted murder); *Idle,* 587 N.E.2d at 718 (multiple convictions of criminal confinement).

■ Second, a defendant is charged multiple times with the same offense when he or she is charged with an offense and a lesser included offense. *See Taylor v. State,* 879 N.E.2d 1198, 1203 (Ind.Ct.App. 2008) (convictions of kidnapping and criminal confinement); *Boyd,* 766 N.E.2d at 401 (convictions of criminal confinement and

attempted criminal confinement); *Curry v. State,* 643 N.E.2d 963, 980–81 (Ind.Ct.App. 1994) (convictions of kidnapping and criminal confinement), *reh'g denied, trans. denied.*

Walker essentially argues that his offenses of burglary, robbery, and criminal confinement were all part of the same continuing crime since they occurred in a short period of time and facilitated his sole purpose of "taking stuff, drugs and money from the people present in the house." Appellant's Br. p. 10. He relies on *Buchanan v. State,* 913 N.E.2d 712 (Ind.Ct. App.2009), *trans. denied,* in support of his contention. In that case, Buchanan called in false bomb threats to two schools, entered a bank brandishing a twelve-gauge shotgun, and ordered bank employees to put money in a duffel bag. *Id.* at 714. He was convicted of multiple charges, including robbery, three counts of false reporting, and three counts of intimidation. On appeal, a panel of this Court found the continuing crime doctrine applicable:

> Here, the record indicates that Buchanan phoned in false bomb threats as a diversionary tactic to facilitate his robbery of the bank, during which he used his shotgun to intimidate the bank's employees into giving him the money in the vault. We conclude that these crimes were "so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction" and therefore vacate Buchanan's false reporting and intimidation convictions.

*Id.* at 720–21 (quoting *Riehle,* 823 N.E.2d at 296).

To the extent that *Buchanan* stands for the proposition that a false reporting conviction can be vacated because it is part of the same continuing crime as robbery, we respectfully disagree. Although Buchanan's convictions for false reporting and

robbery were part of the same comprehensive criminal scheme, false reporting was a distinct chargeable crime. In considering the false reporting conviction, the panel in *Buchanan* was not faced with any of the factual situations in which the continuing crime doctrine has been applied; that is, Buchanan was not charged multiple times with false reporting, nor was there a greater or lesser included offense involved.

Similarly, we conclude that the continuing crime doctrine does not apply here. Walker was convicted of burglary, the robbery of Nicole, and the criminal confinement of Jerry. Each offense was a distinct chargeable crime. He was faced with neither multiple charges of one offense nor charges of an offense and a lesser included offense. We thus affirm Walker's convictions.

## II. Sentencing Statements

▮ As a separate matter, Walker notes and the State agrees that his conviction for criminal confinement is improperly reflected in the Amended Judgment. When oral and written sentencing statements conflict, we examine them together to discern the intent of the sentencing court. *Hoeppner v. State*, 918 N.E.2d 695, 699 n. 4 (Ind.Ct.App.2009) (citing *McElroy v. State*, 865 N.E.2d 584, 589 (Ind.2007)). We may remand the case for correction of clerical errors if the trial court's intent is unambiguous. *See Willey v. State*, 712 N.E.2d 434, 445 n. 8 (Ind.1999) ("Based on the unambiguous nature of the trial court's oral sentencing pronouncement, we conclude that the Abstract of Judgment and Sentencing Order contain clerical errors and remand this case for correction of those errors.").

Here, the trial court stated:

So here is the sentence that I am imposing. On count I, burglary, a class B felony, I'm entering judgment of conviction, and I am sentencing you to 18 years. On count V, possession of cocaine, I'm entering judgment of conviction, and I'm sentencing you to six years. Counts I and V shall be concurrent with one another.

On count IV, the criminal confinement of Jerry Slisz, I'm entering judgment of conviction as a class B felony, and I am sentencing you to 18 years. That sentence will be consecutive to counts I and V.

On count II, robbery, and that is the robbery of Nicole Jefferson, I am sentencing you to 20 years. And on count III, the criminal confinement of Nicole Jefferson, I am sentencing you to 20 years. I believe, and I know the state does not agree with me, but I believe that those two sentences, given the facts as they came out, either under continuous criminal activity or under the actual evidence test, merge with one another. So.

I'm sorry. I need to redo this. So on the robbery count, which is count II, I'm sentencing you to 20 years. And the criminal confinement, I find that that merges. I am accepting the jury's verdict, but not entering judgment of conviction. The total sentence then that you face, in this 20 years on the robbery, I'm sentencing you to 20 years, because of the facts and circumstances of the case, and that it includes this confinement, and I find that it is a crime of violence, and thus can be served consecutively with the other sentences I've imposed.

The total sentence that I'm imposing is 56 years....

Tr. p. 667–68.

The oral sentencing statement is clear that the trial court vacated Count III, sentenced Walker to eighteen years on Count IV, and imposed an aggregate sen-

tence of fifty-six years. However, the Amended Judgment, Appellant's App. p. 11, and Chronological Case Summary, *id.* at 3, both reflect that the trial court vacated Count IV, sentenced Walker to twenty years on Count III, and imposed an aggregate sentence of fifty-eight years.

Given the unambiguous nature of the trial court's pronouncement, we conclude that the Amended Judgment and Chronological Case Summary contain clerical errors. We therefore remand with instructions to correct the Amended Judgment and Chronological Case Summary to reflect that the trial court vacated Count III, sentenced Walker to eighteen years on Count IV, and imposed an aggregate sentence of fifty-six years.

Affirmed and remanded for corrections to the Amended Judgment and Chronological Case Summary consistent with this opinion.

NAJAM, J., and BROWN, J., concur.