Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**SUSAN D. RAYL**
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jan 31 2014, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARCUS MINOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1306-CR-301 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
The Honorable Steven J. Rubick, Magistrate
Cause Nos. 49GO1-1201-FC-686 and 49G01-0605-FB-96982

**January 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Marcus Minor appeals his convictions for class C felony escape and class A misdemeanor resisting law enforcement. The sole issue presented for our review is whether his convictions violate Indiana's prohibition against double jeopardy. Finding that Minor's actions were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction, we conclude that his convictions violate double jeopardy. Accordingly, we vacate Minor's conviction for resisting law enforcement.

**Facts and Procedural History**

On December 10, 2011, Corporal Brian Kotarski of the Marion County Sheriff's Office fugitive warrant unit was dispatched to an address in order to serve an arrest warrant on Minor. Corporal Kotarski and another officer approached an apartment and knocked on the door. A woman answered and gave the officers permission to enter the apartment. When the officers entered, they discovered two men and two women in the apartment. One of the men, who identified himself as Kenny Johnson, matched the description the officers had for Minor. After the officers confirmed that they believed that the man was, in fact, Minor, they took him into custody and handcuffed him. Corporal Kotarski escorted Minor to his police vehicle and placed him in the rear right seat. As Corporal Kotarski was speaking with another police officer at the scene, Minor exited the police vehicle and began running. Corporal Kotarski ran after Minor, continually giving him verbal commands to stop. Minor kept running and eventually jumped into a silver vehicle. Another officer released his police dog who mistakenly attacked Corporal Kotarski and prevented him from further pursuing

2

Minor. Officers observed Minor driving away in the silver vehicle. Several months later, Minor was apprehended by police after he committed additional unrelated offenses.

The State charged Minor with class C felony escape and class A misdemeanor resisting law enforcement. The State subsequently filed an amended information alleging that Minor was a habitual offender. Following a two-day bench trial, the trial court found Minor guilty as charged. This appeal followed.[1]

**Discussion and Decision**

Minor claims that his convictions for class C felony escape and class A misdemeanor resisting law enforcement violate Indiana's prohibition against double jeopardy. Article 1, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." Our supreme court has held that two or more offenses are the "same offense" in violation of Indiana's double jeopardy clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). We review de novo whether a defendant's convictions violate this provision. *Spears v. State*, 735 N.E.2d 1161, 1166 (Ind. 2000).

Although Minor relies on *Richardson*'s actual evidence test to support his double jeopardy claim, we are inclined to look instead to a different category of Indiana's

---

[1] We note that in addition to entering judgment of conviction regarding the abovementioned charges in cause number 49G01-1201-FC-686, the trial court also revoked Minor's probation in cause number 49G01-1605-FB-96982. Minor does not challenge the revocation in this appeal.

prohibition against double jeopardy known as the continuing crime doctrine. "The continuing crime doctrine essentially provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Buchanan v. State*, 913 N.E.2d 712, 720 (Ind. Ct. App. 2009) (quoting *Riehle v. State*, 823 N.E.2d 287, 296 (Ind. Ct. App. 2005), *trans. denied*), *trans. denied*. Unlike the statutory elements or actual evidence tests, the continuous crime doctrine does not seek to reconcile the double jeopardy implications of two distinct chargeable crimes. *Riehle*, 823 N.E.2d at 296 (citing *Boyd v. State*, 766 N.E.2d 396, 400 (Ind. Ct. App. 2002)). Rather, the doctrine defines those instances where a defendant's conduct amounts only to a single chargeable crime and prevents the State from charging the defendant twice for the same continuous offense. *Id*.

Here, the evidence indicates that after officers handcuffed him and placed him in the back of a police vehicle, Minor got out of the vehicle and ran. While he may have additionally ignored Corporal Kotarski's subsequent verbal commands to stop, Minor's actions were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction. Minor's single purpose was flight and flight

alone.[2]  Accordingly, we vacate Minor's conviction for class A misdemeanor resisting law enforcement.

Vacated.

BAKER, J., and NAJAM, J., concur.

---

[2] We note that in *Buchanan*, this Court determined that the defendant's convictions for false reporting, intimidation, and robbery, although distinct chargeable crimes, were part of the same comprehensive criminal scheme so as to constitute a single transaction pursuant to the continuing crime doctrine. *Buchanan*, 913 N.E.2d at 720-21.  In *Walker v. State*, 932 N.E.2d 733, 737-38 (Ind. Ct. App. 2010), another panel of this Court respectfully disagreed, concluding that the continuing crime doctrine is inapplicable when distinct chargeable crimes are involved as opposed to when a defendant is charged multiple times with the same offense or charged with an offense and a lesser included offense.  Although we acknowledge that escape and resisting law enforcement are technically two distinct chargeable crimes, in light of the undeniable continuity of action and singleness of purpose involved in Minor's actions here, we follow the reasoning in *Buchanan* and conclude that the continuing crime doctrine is expressly implicated and applicable.