## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2019, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bobby Dee Allen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 30, 2019

Court of Appeals Case No.
19A-CR-139

Appeal from the Marion Superior
Court

The Honorable Elizabeth Christ,
Judge

Trial Court Cause No.
49G24-1804-F6-12338

**Pyle, Judge.**

## Statement of the Case

Following a bench trial, Bobby Allen ("Allen") was convicted of Level 6 felony operating a vehicle while intoxicated[1] and Level 6 felony operating a vehicle with an alcohol concentration equivalent ("ACE") of .08 or more.[2] On appeal, Allen raises one issue, which we restate as whether remand to correct the sentencing order, abstract of judgment, and chronological case summary ("CCS") is necessary because the oral and written sentencing statements conflict. The State agrees that remand is necessary, as do we. Accordingly, we remand this cause to the trial court to vacate the operating while intoxicated conviction and to correct the sentencing order, abstract of judgment, and CCS to reflect only a conviction for operating with an ACE of .08 or more.

We remand.

## Issue

Whether this case should be remanded to correct the sentencing order and abstract of judgment.

## Facts

On March 30, 2018, Indiana State Police Trooper Matthew Helmbrecht ("Trooper Helmbrecht") responded to a report of a stalled vehicle on I-70.

---

[1] IND. CODE § 9-30-5-2.

[2] I.C. § 9-30-5-1.

When Trooper Helmbrecht arrived, he found a vehicle "stationary in the right lane. [I]t was blocking – completely blocking the right lane, which is the exit ramp to Rural Street." (Tr. 8). Trooper Helmbrecht observed Allen standing on the right shoulder of the interstate and another individual sitting in the front passenger seat. As Trooper Helmbrecht spoke with Allen, he noticed the odor of alcohol emanating from him. Trooper Helmbrecht also observed that Allen's speech was slurred and that his eyes were watery and bloodshot. Trooper Helmbrecht then administered the horizontal gaze nystagmus ("HGN") field sobriety test to Allen, and he showed all six clues indicating possible intoxication. Trooper Helmbrecht did not administer any other field sobriety tests because Allen appeared to have unsteady balance and they were not in a safe location.

[4] Based upon his observations and the results of the HGN test, Trooper Helmbrecht believed that Allen had operated a vehicle while intoxicated. Allen was handcuffed and then read Indiana's Implied Consent law. Allen refused to take a chemical test. Trooper Helmbrecht then transported Allen to Eskenazi Hospital. After Trooper Helmbrecht obtained an electronic search warrant, Allen underwent a blood draw. Allen's lab report indicated that his "plasma-serum ethyl alcohol concentration" was .183%, which corresponds "to a whole blood ethyl alcohol concentration" in the range of .144% to .172%. (State's Exhibit 2).

[5] The State charged Allen with Count 1, Class C misdemeanor operating a vehicle while intoxicated; Count 2, Class C misdemeanor operating a vehicle

with an ACE of .08 or more; and Count 3, Class A misdemeanor driving while suspended. The two operating counts were enhanced to Level 6 felonies due to a prior conviction.

[6] A bench trial occurred in September 2018. Following the presentation of evidence, the trial court found Allen guilty of Counts 1 and 2 and not guilty of Count 3. In pronouncing its decision, the trial court stated the following:

> The Court is satisfied with the evidence put forth by the State of Indiana and I'm finding the defendant guilty. Um, the elements for operating, uh, while intoxicated and operating a vehicle with an alcohol content of .08 or greater. There is overlapping, so the Court would enter judgment of conviction as to operating only one of the two counts. The operating a vehicle with an alcohol content of at least .08 or, uh, but less than .15. And entering, um, a not guilty verdict on the driving while suspended Count III.

(Tr. 57).

[7] The trial court held a sentencing hearing in December 2018. During the hearing, the trial court stated the following:

> The Court having reviewed the pre-sentence report; having presided over the trial and having found you guilty of operating a vehicle while intoxicated having prior conviction, found you guilty, uh, I found the State presented, um, evidence, uh, that satisfied me that there was operating of the vehicle and that, um, you had an alcohol content of .08 or greater with a prior conviction.

(Tr. 81).

[8] Following the sentencing hearing, the trial court issued its written sentencing order. In the order, the court stated that Allen was guilty of Counts 1 and 2.

The sentencing order also stated that Allen was sentenced to 365 days for Count 1, a concurrent 365 days for Count 2, and 347 days suspended to probation. The abstract of judgment and CCS reflect the same sentence pronounced in the sentencing order. Allen now appeals.

# Decision

[9]  Allen contends, and the State agrees, that remand is necessary to correct the written sentencing order and the abstract of judgment. Specifically, Allen argues that the trial court intended to enter a judgment of conviction for only Count 2, Level 6 felony operating a vehicle with an alcohol concentration equivalent of .08 or higher. When oral and written sentencing statements conflict, we examine them together to discern the intent of the sentencing court. *Walker v. State*, 932 N.E.2d 733, 738 (Ind. Ct. App. 2010), *reh'g denied*. We may remand the case for correction of clerical errors if the trial court's intent is unambiguous. *See Willey v. State*, 712 N.E.2d 434, 445 n.8 (Ind. 1999) ("Based on the unambiguous nature of the trial court's oral sentencing pronouncement, we conclude that the Abstract of Judgment and Sentencing Order contain clerical errors and remand this case for correction of those errors.").

[10]  Here, the oral sentencing statement is clear that the trial court intended to enter a conviction for Count 2 only. Despite this statement, the trial count entered a judgment of conviction for both operating counts, as reflected in the sentencing order, abstract of judgment, and CCS. Accordingly, we remand to the trial

court with instructions to vacate Count 1 and enter a new sentencing order, abstract of judgment, and CCS to reflect a conviction for Count 2.

[11] Remanded with instructions.

Robb, J., and Mathias, J., concur.