## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Daniel Hageman
Marion County Public Defender
Indianapolis, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Reginald Raglin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

April 14, 2020

Court of Appeals Case No.
19A-CR-2634

Appeal from the Marion Superior Court

The Honorable Angela Dow Davis, Judge

Trial Court Cause No.
49G16-1809-F6-30438

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, the trial court found Reginald Raglin guilty of Count I, domestic battery in the presence of a child, a Level 6 felony; Count II, domestic battery, a Class A misdemeanor; and Count III, domestic battery with a prior domestic battery conviction, a Class A misdemeanor. The trial court then announced it would vacate Counts II and III on double jeopardy grounds and sentence Raglin only for Count I. The written sentencing order reflects the disposition and sentence on Count I but does not show Counts II or III at all. Raglin appeals, arguing the sentencing order should reflect the disposition of all counts as announced by the court at the conclusion of the bench trial and asks that we remand to the trial court to correct the sentencing order. The State agrees there is a conflict between the oral and written sentencing orders and that the case should be remanded. We also agree, and therefore remand to the trial court.

# Facts and Procedural History

[2] In late 2018, Raglin pushed his live-in girlfriend to the ground in their home while she was holding their one-year-old child and while her nine-year-old son was present. The State charged Raglin with Count I, domestic battery in the presence of a child, a Level 6 felony; Count II, domestic battery, a Class A misdemeanor; Count III, battery resulting in bodily injury, a Class A misdemeanor; and Count IV, invasion of privacy, a Class A misdemeanor. As to Count II, the State also alleged Raglin had a prior battery conviction which

would elevate Count II from a Class A misdemeanor to a Level 6 felony. Prior to trial, the State dismissed part II of the information for Count II and also dismissed Count IV.

[3] Raglin waived his right to a jury trial and was tried to the bench on Counts I, II, and III. At the conclusion of the bench trial, the trial court found him guilty of all counts:

> The Court is going to find you guilty of the Domestic Battery as a Level 6 felony. The Court will find you guilty of the Domestic Battery as a Class A Misdemeanor. I am going to vacate that Count as I find it is the same incident. The Court will find you guilty of the Battery Resulting in Bodily Injury but I'm also going to vacate Count III because I do find those are the same incidents. So, he's found guilty of Counts I, II, and III but he will only be sentenced under Count I.

Transcript, Volume II at 24. The Chronological Case Summary ("CCS") is consistent with the trial court's statements from the bench, showing:

10/10/2019 **Disposition** (Judicial Officer: Davis, Angela Dow)
   01. 35-42-2-1.3(a)(1)/F6: Domestic Battery committed in the presence of a child less than 16 years old
       Finding of Guilty
   02. 35-42-2-1.3(a)(1)/MA: Domestic Battery def. has a prior conviction for any sort of battery.
       Vacated
   03. 35-42-2-1(c)(1)/MA: Battery Resulting in Bodily Injury
       Vacated
   04. 35-46-1-15.1(a)(2)/MA: Invasion of Privacy-Violates an ex parte protective order issued under 34-26-
       Dismissed

Appellant's Appendix, Volume II at 7.

[4] At the outset of the sentencing hearing (that was held immediately following the conclusion of the bench trial), the court reiterated that it was "on its

own . . . vacating Counts II and III because they all happened at the same time, the same incident. So, he's being sentenced on the Domestic Battery as a Level 6 Felony." Tr., Vol. II at 25. The trial court sentenced Raglin to one year for Count I, with ninety days to be executed on home detention and the remainder suspended to probation. The written sentencing order reflects only the disposition of Count I:

**The Defendant was charged with the following crimes, resulting in the following Dispositions under the above-referenced cause:**

| PART I | CHARGES | | | |
|---|---|---|---|---|
| COUNT | CRIME | GOC | STATUTORY CITATION | DISPOSITION |
| I | 35-42-2-1.3(a)(1)/F6: Domestic Battery committed in the presence of a child less than 16 years old | | 35-42-2-1.3(a)(1) | Finding of Guilty |

**As a result of the above convictions, the Court has sentenced the defendant as follows:**

| PART II | SENTENCE | | | | |
|---|---|---|---|---|---|
| COUNT | SENTENCE | SUSPENDED | CONCURRENT | CONSECUTIVE | WITH (COUNT OR CASE NUMBERS) |
| I | 0 Year(s) and 365 Day(s) | 0 Year(s) and 275 Day(s) | | | |

Appealed Order at 1.

# Discussion and Decision

Raglin contends, and the State agrees, that remand is necessary to correct a conflict between the trial court's oral and written sentencing statements. When oral and written sentencing statements conflict, we examine them together to discern the intent of the court. *Walker v. State*, 932 N.E.2d 733, 738 (Ind. Ct. App. 2010). We may remand the case for correction of clerical errors if the intent of the trial court is unambiguous. *Id.*

[6] Here, it is clear from the trial court's statements at the bench trial and sentencing hearing that although it found Raglin guilty of Counts II and III, it was vacating those counts. The CCS shows this as well. The intent of the trial court with respect to the charges against Raglin is unambiguous; yet the written sentencing order, which calls for a list of the defendant's crimes and the corresponding dispositions, plural, shows only one charge: Count I. Because the better practice is for sentencing orders to be complete and accurate with respect to the charges that were tried and the disposition of each, we remand to the trial court to amend its sentencing order to reflect, as its oral sentencing statement does, that Raglin was also tried on Counts II and III and that the guilty verdicts on those counts were vacated.

# Conclusion

[7] Based on the unambiguous nature of the trial court's oral sentencing pronouncement, we conclude the written sentencing order contains clerical errors and remand this case for correction of those errors.

[8] Remanded.

May, J., and Vaidik, J., concur.