**FILED**

Sep 24 2020, 8:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Donald J. Berger
Law Office of Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joel Barrozo,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 24, 2020

Court of Appeals Case No.
19A-CR-2037

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1812-F5-247

**Baker, Senior Judge.**

[1] Joel Barrozo appeals his convictions for three counts of Level 5 Felony Reckless Homicide,[1] two counts of Class A Misdemeanor Reckless Driving,[2] and one count of Class A Misdemeanor Leaving the Scene of an Accident,[3] arguing that the convictions violate the prohibition against double jeopardy. The State concedes that one of the reckless driving convictions must be vacated on double jeopardy grounds. We agree, and remand with instructions to vacate one of the reckless driving convictions and resentence Barrozo accordingly. In all other respects, we affirm.

## Facts

[2] Around 6:15 in the evening on December 16, 2018, members of the St. Joseph County Fatal Crash Team (FACT) were dispatched to an intersection in South Bend to investigate a three-vehicle accident. When FACT officials arrived, they discovered a black Nissan Altima with significant damage, a brown Thunderbird resting in the southbound lane of traffic, and, a short distance up the road, a silver Dodge Avenger resting along the northbound lane of traffic.

[3] The driver of the Avenger was not present when FACT officials arrived. Witnesses stated that the driver, later identified as Barrozo, exited the vehicle after it came to a stop and fled the scene. FACT officials assessed the damage

---

[1] Ind. Code § 35-42-1-5.

[2] Ind. Code § 9-21-8-52(a).

[3] Ind. Code § 9-26-1-1.1(b)(1).

to the Avenger and concluded that the damage to the front of that vehicle was consistent with the rear damage to the Nissan. FACT officials determined that the Nissan had been struck from behind by the Avenger and pushed into the southbound lane of traffic, where it struck the Thunderbird.

[4] Inside the Nissan, FACT officials discovered the driver, Marvi Thomas, and her son, Christopher Poe. Thomas and Poe were extracted from the vehicle and pronounced dead. Inside the Thunderbird were the driver, Elizabeth Kelly, and passengers Christopher Wilson and Kelly's 17-month-old daughter, I.J. Kelly, Wilson, and I.J. were all seriously injured: Kelly required surgery to treat her injuries; Wilson suffered broken ribs and teeth and had bruising around his eyes; and I.J. had head and neck trauma, a broken collar bone, and a broken arm. I.J. was transported to a hospital, where she later died.

[5] Police were eventually able to identify Barrozo as the driver of the Avenger. In December 2018, the State charged Barrozo with three counts of Level 5 felony leaving the scene of an accident resulting in death; two counts of Level 6 felony leaving the scene of an accident resulting in serious bodily injury; three counts of Level 5 felony reckless homicide; and two counts of Class A misdemeanor reckless driving.

[6] On July 2, 2019, Barrozo pleaded guilty as charged without a plea agreement. The trial court conducted a sentencing hearing on August 2, 2019. The trial court entered judgments of conviction and sentenced Barrozo as follows:

- Three counts of Level 5 felony reckless homicide, for which Barrozo received five years apiece.
- Two counts of Class A misdemeanor reckless driving, for which Barrozo received one year apiece.
- The trial court reduced one count of leaving the scene of an accident resulting in death to a Class A misdemeanor and sentenced Barrozo to one year.

The trial court did not enter judgments of conviction on the remaining charges based on double jeopardy concerns. It ordered all sentences to be served consecutively, resulting in an aggregate term of eighteen years imprisonment. Barrozo now appeals.

# Discussion and Decision[4]

[7] Very recently, our Supreme Court conducted a substantive overhaul of Indiana's double jeopardy precedent. *Wadle v. State*, No. 19S-CR-340, 2020 WL 4782698 (Ind. Aug. 18, 2020); *Powell v. State*, No. 19S-CR-527, 2020 WL 4783108 (Ind. Aug. 18, 2020). The Court overruled the long-standing *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), and crafted new rules and analyses for this area of jurisprudence. Our Supreme Court explained that there are two distinct scenarios of substantive double jeopardy—(1) when a defendant's single act implicates multiple criminal statutes and (2) when a

---

[4] Barrozo pleaded guilty. As such, he should have raised this challenge in the context of a petition for post-conviction relief rather than a direct appeal. *E.g.*, *Lee v. State*, 816 N.E.2d 35, 40 (Ind. 2004); *Mapp v. State*, 770 N.E.2d 332, 333-34 (Ind. 2002). Nevertheless, we elect to address his argument.

defendant's single act harms multiple victims under the same criminal statute—and distinct analyses for each. Both scenarios are present in this case.

# I. Single Act, Multiple Statutes: *Wadle*

When a defendant's single act or transaction implicates multiple criminal statutes, there is a two-part inquiry:

> First, a court must determine, under our included-offense statutes, whether one charged offense encompasses another charged offense. Second, a court must look at the underlying facts—as alleged in the information and as adduced at trial—to determine whether the charged offenses are the 'same.' If the facts show two separate and distinct crimes, there's no violation of substantive double jeopardy, even if one offense is, by definition, 'included' in the other. But if the facts show only a single continuous crime, and one statutory offense is included in the other, then the presumption is that the legislation intends for alternative (rather than cumulative) sanctions. The State can rebut this presumption only by showing that the statute—either in express terms or by unmistakable implication—clearly permits multiple punishment.

*Wadle*, slip op. p. 3.

First, we must look to the statutory language itself. If the language of the statutes at issue "clearly permits multiple punishment, either expressly or by unmistakable implication, the court's inquiry comes to an end and there is no violation of substantive double jeopardy." *Id.* at 23 (internal footnote omitted).

Here, we must consider whether Barrozo's convictions for reckless homicide, reckless driving, and leaving the scene of an accident violate the prohibition

against double jeopardy. A person commits the crime of reckless homicide when he "recklessly kills another human being." I.C. § 35-42-1-5. A person commits Class A misdemeanor reckless driving when (in relevant part) he operates a vehicle and recklessly "drives at such an unreasonably high rate of speed . . . under the circumstances" that he endangers the safety or property of others and causes bodily injury to a person. I.C. § 9-21-8-52(a). Finally, a person commits Class A misdemeanor leaving the scene of an accident if he was the operator of a vehicle involved in an accident resulting in bodily injury and leaves the scene of the accident without providing the necessary information, assistance, or notice to law enforcement. I.C. § 9-26-1-1.1(b)(1).

[11] As none of these statutes clearly permits multiple punishment (either expressly or by unmistakable implication), we must turn to the second part of the statutory analysis. Specifically, we must apply our included-offense statutes to determine statutory intent. *Wadle*, slip op. p. 23. A trial court may not enter judgment of conviction and sentence for both an offense and an included offense. Ind. Code § 35-38-1-6. An "included offense" is an offense that:

(1)     is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2)     consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3)     differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person,

> property, or public interest, or a lesser kind of culpability, is required to establish its commission.

Ind. Code § 35-31.5-2-168. If none of the offenses are included offenses of the others (either inherently or as charged), then there is no double jeopardy violation. *Wadle*, slip op. p. 24.

In cases involving a comparison of more than two statutes, we believe that a visual aid may be helpful.

| Level 5 Felony Reckless Homicide | Class A Misdemeanor Reckless Driving | Class A Misdemeanor Leaving the Scene of an Accident |
|---|---|---|
| A person who<br><br>• recklessly<br>• kills another human being<br><br>commits Level 5 felony reckless homicide. | A person who operates a vehicle and<br><br>• recklessly<br>• drives at an unreasonably high rate of speed under the circumstances,<br>• endangering the safety or property of others<br>• and causing bodily injury to a person<br><br>commits Class A misdemeanor reckless driving. | A person who operates a motor vehicle involved in an accident and<br><br>• knowingly or intentionally<br>• leaves the scene of the accident without providing necessary information, assistance, and notice to law enforcement<br>• and the accident results in bodily injury to another person |

| | | commits Class A Misdemeanor leaving the scene of an accident. |
|---|---|---|

[13] The first statute—reckless homicide—involves, plainly and simply, the reckless killing of another person. There is no overlap between that statute and the other two—in other words, it is not an included offense of the others, nor are they of it.[5]

[14] As to the latter two statutes—reckless driving and leaving the scene of an accident—while there is some overlap, it does not rise to the level of making one an included offense of the other. Both require the defendant to have been operating a vehicle and both require a person to have sustained bodily injury. Reckless driving, however, requires that the defendant drove his vehicle in a reckless manner, thereby endangering others and causing the bodily injury. In contrast, leaving the scene of an accident merely requires that the defendant's vehicle was *involved* in an accident (he need not have caused the accident or the bodily injury) and that the defendant then left the scene of the accident without providing his identifying information, among other things. Under these circumstances, we find that reckless driving is not an included offense of leaving the scene of an accident, or vice versa. *Cf. Wadle*, slip op. p. 33-34 (finding that operating while intoxicated causing serious bodily injury is an included offense

---

[5] Nor is there a problem with the way in which the offenses were charged in this case, because the reckless homicide counts were based on the deaths of Thomas, Poe, and I.J., while the bodily injuries involved in the other charges were based on the injuries sustained by Wilson and Kelly. We will consider below whether the multiple charges of the same offense based on multiple victims are permissible.

of leaving the scene of an accident during or after committing the offense of operating while intoxicated causing serious bodily injury).

[15] Because we have found that none of the offenses are included in the others, there is no double jeopardy violation stemming from the convictions for reckless homicide, reckless driving, and leaving the scene of an accident. Id. at 32. Therefore, we need not consider the second part of the *Wadle* analysis, which focuses on the facts underlying those offenses.

## II.  Single Act, Multiple Victims: *Powell*

[16] In resolving a claim of multiplicity—the charging of a single offense in multiple counts—we must determine "whether—and to what extent—the applicable statute permits the fragmentation of a defendant's criminal act into distinct 'units of prosecution.'"  *Powell*, slip op. p. 7.  Our Supreme Court explains that "[w]hereas the 'elements of an offense define what must be proved to convict a defendant of a crime,' a criminal statute's 'unit of prosecution defines *how many* offenses the defendant has committed.'"  *Id.* at 7 n.7 (quoting *United States v. Rentz*, 777 F.3d 1105, 1117 (10th Cir. 2015) (Matheson, J., concurring)) (emphasis in original).

[17] This analysis is (potentially) a two-step process.  First, we must review the text of the statute.  If the statute "indicates a unit of prosecution, then we follow the legislature's guidance and our analysis is complete."  *Id.* at 7-8.  But if the statute is ambiguous, we proceed to the second step, pursuant to which we must determine whether the facts indicate a single offense or distinguishable offenses.

To answer this question, "we ask whether the defendant's actions are 'so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction.'" *Id.* at 8 (quoting *Walker v. State*, 932 N.E.2d 733, 735 (Ind. Ct. App. 2010)). If the "criminal acts are sufficiently distinct, then multiple convictions may stand; but if those acts are continuous and indistinguishable, a court may impose only a single conviction." *Id.*

[18] Turning first to the question of whether the reckless homicide statute contains a "unit of prosecution," we find it necessary to dig a bit deeper into this vague term. As our Supreme Court turned to *Rentz* for guidance on this term, we will follow suit. The *Rentz* Court explained that a unit of prosecution is "the minimum amount of activity a defendant must undertake, what he must do, to commit each new and independent violation of a criminal statute," moving on to focus on the statute's verb. 777 F.3d at 1109. In conducting its analysis, it provided an example relevant to this case: "if a law's verb says it's a crime to *kill* someone, we usually think a defendant must *kill* more than one person to be found guilty of more than one offense. That's the action necessary to support

each and every unit of prosecution." *Id.* (emphases original).[6]

# A. Reckless Homicide

Here, we first consider Barrozo's three reckless homicide convictions. As noted above, a person who recklessly kills another person has committed Level 5 felony reckless homicide. I.C. § 35-42-1-5. The gravamen of this offense is the act of killing another person and, as in the example provided by *Rentz*, we find that our legislature unambiguously intends the act of killing another person to be this statute's unit of prosecution. *See also Powell*, slip op. p. 11 (observing that under result-based statutes, such as reckless homicide, the crime is complete so long as the result is reached and the defendant acted with the requisite mental state; therefore, where several deaths occur in the course of a single incident, the offense has been committed several times over). As such, because Barrozo killed three people, he has committed three instances of this crime.

---

[6] The concurring opinion of Judge Matheson, to which our Supreme Court cited, gives another helpful example: "if the elements of an offense consist of at least two acts, X (e.g., use of a firearm) and Y (e.g., crime of violence), and in the same course of conduct the defendant has done X once and Y twice, then he or she has committed one crime if the unit of prosecution is X, two crimes if the unit of prosecution is Y, and one crime if the unit of prosecution is X and Y combined." *Id.* at 1117 (Matheson, J., concurring).

Judge Matheson also pointed to the decision of the Fourth Circuit in *United States v. Shrader*, 675 F.3d 300, 313 (4th Cir. 2012). In *Shrader*, the Fourth Circuit considered the federal stalking statute, which includes two possible units of prosecution—(1) the intent to harm a particular victim and (2) a course of conduct. The *Shrader* Court concluded that the plain language of the statute makes the unit of prosecution the victim, noting that the "statute does not punish fungible acts, such as possession of cocaine in two different receptacles, but rather defines the defendant's crime—and therefore the unit of prosecution—in terms of his intent to strike fear in a particular individual." *Id.* (internal citation omitted). The defendant in that case had engaged in a single course of conduct that harassed and intimidated two people—the victim and her husband. The *Shrader* Court concluded that two stalking charges were permissible because each was based on a different victim and, therefore, a different unit of prosecution. *Id.* at 313-14.

[20] Our legislature is tasked with defining crimes and may include units of prosecution if it sees fit to do so. Here, the General Assembly has unambiguously provided that the act of killing another person is the unit of prosecution of the reckless homicide statute. As such, our inquiry ends here, and we need not consider the second step of the *Powell* analysis. Barrozo's three reckless homicide convictions do not violate the prohibition against double jeopardy.

## B. Reckless Driving

[21] The State concedes that Barrozo's two reckless driving convictions cannot stand based on double jeopardy concerns. Appellee's Br. p. 12. This concession, however, occurred before *Powell* revamped the relevant double jeopardy landscape. Therefore, we will consider the reckless driving convictions notwithstanding the State's concession.

[22] As noted above, a person commits reckless driving when (in relevant part) he operates a vehicle and recklessly "drives at such an unreasonably high rate of speed . . . under the circumstances" that he endangers the safety or property of others. I.C. § 9-21-8-52(a). The offense is elevated from a Class C to a Class A misdemeanor if the reckless driving causes bodily injury to a person. *Id.*

[23] In *Powell*, our Supreme Court distinguished between conduct- and result-based statutes:

> A conduct-based statute, under our criminal code, consists of an offense defined by certain actions or behavior (*e.g.*, operating a

vehicle) and the presence of an attendant circumstance (*e.g.*, intoxication). Under these statutes, the crime is complete once the offender engages in the prohibited conduct, *regardless* of whether that conduct produces a specific result (*e.g.*, multiple victims). The focus—or "gravamen"—of the statutory offense is the defendant's actions, not the consequences of those actions. To be sure, a specific result or consequence (*e.g.*, death or serious bodily injury) may *enhance* the penalty imposed. But "multiple consequences do not establish multiple crimes," since the crime may still be committed without the consequence.

Slip op. p. 10 (quoting *Mathews v. State*, 849 N.E.2d 578, 582 (Ind. 2006)) (emphases original) (internal citations omitted).

[24] We find our Supreme Court's analysis of the double jeopardy implications of the resisting law enforcement statute in *Paquette v. State* to be relevant here. 101 N.E.3d 234 (Ind. 2018). Most compellingly, the resisting law enforcement statute in effect at the time *Paquette* was decided, like the reckless driving statute, had a subsection that created "the foundation for the offense in question." *Id.* at 240. Without this foundation, the subsequent subsections—which enhanced the offense based on a variety of circumstances—"could not stand." *Id.* Our Supreme Court inferred, based in part on this method of crafting the statute, that the legislature did not intend multiple occurrences of

the enhancing circumstances stemming from just one violation of the foundational offense to be multiple offenses.[7]

[25] Furthermore, the *Paquette* Court found it noteworthy that other statutes, such as operating a vehicle while intoxicated (OWI) and arson, explicitly allow multiple convictions if there are multiple victims. *See, e.g.*, I.C. § 9-30-5-4(b) (elevating OWI to a Level 5 felony if it causes serious bodily injury and explicitly providing that it is a separate offense for each person whose serious bodily injury is caused by the OWI conduct); Ind. Code § 35-43-1-1(e) (elevating arson to a higher level of felony if it results in bodily injury or serious bodily injury and explicitly providing that it is a separate offense for each person who suffers a bodily injury or serious bodily injury as a result of the arson). The reckless driving statute does not have a comparable provision. As our Supreme Court observed, "Our legislature is aware that multiple convictions for multiple harms caused by a single violation require explicit

---

[7] Since *Paquette* was decided, the General Assembly has amended the resisting law enforcement statute, which now explicitly allows for multiple convictions when there are multiple victims:

> (i) A person who commits an offense described in subsection (c) commits a separate offense for each person whose bodily injury, serious bodily injury, catastrophic injury, or death is caused by a violation of subsection (c).

> (j) A court may order terms of imprisonment imposed on a person convicted of more than one (1) offense described in subsection (c) to run consecutively. Consecutive terms of imprisonment imposed under this subsection are not subject to the sentencing restrictions set forth in IC 35-50-1-2(c) through IC 35-50-1-2(d).

Ind. Code § 35-44.1-3-1. This amendment further highlights the key role played by the legislature in setting the parameters of double jeopardy jurisprudence.

authorization and we trust that they would have done so if that was their intent." *Paquette*, 101 N.E.3d at 241.

[26] The crime of reckless driving, like the crime of OWI, is complete once the offender engages in the prohibited conduct. *See Powell*, slip op. p. 10 (discussing OWI). For both offenses, the underlying crime is a Class C misdemeanor that is complete as soon as the conduct occurs. The offense may be elevated—and the penalty enhanced—if a specific result or consequence occurs, such as bodily injury (elevating reckless driving to a Class A misdemeanor) or endangering a person (elevating OWI to a Class A misdemeanor). I.C. 9-21-8-52(a); Ind. Code § 9-30-5-2(b). But the crime occurs—and may be punished—only once, because the unit of prosecution is the act of reckless driving. Therefore, both of Barrozo's reckless driving convictions may not stand. We remand with instructions to vacate one of those convictions and resentence Barrozo accordingly.

[27] The judgment of the trial court is affirmed and remanded with instructions to vacate one of the reckless driving convictions and resentence Barrozo accordingly.

[28] Bailey, J., and Vaidik, J., concur.