

FILED

Nov 22 2023, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

Tyler Banks
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Curtis Baker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 22, 2023

Court of Appeals Case No.
23A-CR-1340

Appeal from the
Cass Superior Court

The Honorable
James Muehlhausen, Judge

Trial Court Cause No.
09D01-2209-F6-274

**Opinion by Judge Vaidik**
Judges Bradford and Brown concur.

**Vaidik, Judge.**

# Case Summary

[1] In a criminal jury trial where the State presents evidence of "a greater number of separate criminal offenses" than charged and doesn't designate the specific act or acts on which it relies for conviction, a general unanimity instruction doesn't suffice. The jury should be instructed that they must either unanimously agree that the defendant committed the same act or acts or that the defendant committed all the acts alleged. However, where multiple similar acts are part of one continuous episode, this special unanimity instruction isn't required.

[2] Here, a jury found Curtis Baker guilty of domestic battery and strangulation after the State presented evidence that he punched a woman, threw her to the ground, pinned her to the ground, and choked her twice. Baker now appeals, arguing that the jury should have been given the special unanimity instruction. Because the alleged acts were all part of a single continuous attack, we disagree and affirm.

# Facts and Procedural History

[3] The evidence most favorable to the convictions is as follows. Baker met Ann Humphrey in 2019, and they had a "[f]riends with benefits type of relationship." Tr. p. 78. The sexual relationship continued even after Baker married another woman. During the summer of 2022, Humphrey informed Baker that she had tested positive for a sexually transmitted disease.

[4]     On August 27, Baker hosted a bonfire at his house for Humphrey's birthday. At some point that night, Humphrey and Baker took Humphrey's car to a nearby business and parked. They exited the car and started kissing. Before long, though, "It was like a light switch went off and [Baker] just changed." *Id.* at 86. "He looked mean. He had an evil look in his eyes. His forehead was, like, like he was squinting so his forehead was, like, wrinkled." *Id.* According to Humphrey, Baker pushed her against the back of the car, punched her in the face twice, and then started choking her. He said his STD test came back positive and asked Humphrey why she "did this to him." *Id.* at 87, 90.

[5]     After about ten seconds, Humphrey broke free and ran toward the road. Baker chased after her, grabbed the hood of her sweatshirt, and threw her to the ground. Baker got on top of Humphrey and started choking her again. Humphrey's eyes "were starting to roll into the back of [her] head" and she could see "nothing but black." *Id.* at 94. Baker eventually relented, and after some additional arguing, Humphrey managed to get to her car and leave. She had marks on various parts of her body, including scratches on her neck and bruises on her arms.

[6]     When Humphrey left, Baker called his wife, Rachel, and told her to come pick him up. Rachel drove to where Baker was, and Baker said he was going to drive. Rachel could see that Baker was "angry," "breathing heavy," and "sweating" and "kept balling up his fists[.]" *Id.* at 133. Baker said he and Humphrey "got into it" and that "he was going to go burn down her house." *Id.* at 130, 133, 136. He began driving "[v]ery fast . . . probably over a hundred

miles an hour." *Id.* at 134. Baker drove to Humphrey's house and confronted her as she exited her car. He told Humphrey, "[T]ell your kids I'm sorry B. I'm setting your house on fire." *Id.* at 99. Baker then drove away.

[7] The State charged Baker with Level 6 felony domestic battery (elevated from a Class A misdemeanor based on a prior conviction for the same offense) and Level 6 felony strangulation. The State also alleged that Baker is a habitual offender. A jury trial was held in May 2023. Humphrey and Rachel testified as described above. Baker testified that Humphrey assaulted him, not the other way around.

[8] After the close of evidence, the trial court instructed the jury, in part, "Do not sign any Verdict form for which there is not unanimous agreement." *Id.* at 172. Baker did not object to this instruction or offer a different unanimity instruction.

[9] The jury found Baker guilty of both domestic battery and strangulation, and Baker admitted his prior domestic-battery conviction and his habitual-offender status. The trial court sentenced him to seven years in the Department of Correction.

[10] Baker now appeals.

## Discussion and Decision

[11] Baker contends that the lack of a more specific unanimity instruction amounted to fundamental error and that as a result his convictions must be reversed and

the case remanded for a new trial. In the alternative, he argues that the two convictions constitute double jeopardy under *Wadle v. State*, 151 N.E.3d 227 (Ind. 2020), and that one of the convictions must be vacated.

## I. Baker has not shown fundamental error in the jury instructions

In arguing that the jury should have been given a more detailed unanimity instruction, Baker relies on our Supreme Court's decision in *Baker v. State*, 948 N.E.2d 1169 (Ind. 2011), *reh'g denied*. There, the Court held that where "evidence is presented of a greater number of separate criminal offenses than the defendant is charged with," and the State doesn't "designate a specific act (or acts) on which it relies," the jury "should be instructed that in order to convict the defendant they must either unanimously agree that the defendant committed the same act or acts or that the defendant committed all of the acts described by the victim and included within the time period charged." *Id.* at 1175-77. Baker argues that without such an instruction in this case, some jurors might have found him guilty of domestic battery believing he choked Humphrey, some might have believed he punched her, and some might have believed both. Likewise, he contends that some jurors might have found him guilty of strangulation believing he choked Humphrey against the car, some might have believed he choked her on the ground, and some might have believed both.

Baker acknowledges he didn't ask the trial court to give the more detailed instruction and therefore waived this argument, but he contends that the lack of

such an instruction was fundamental error. "An error is fundamental, and thus reviewable despite failure to object, if it made a fair trial impossible or constituted a clearly blatant violation of basic and elementary principles of due process presenting an undeniable and substantial potential for harm." *Young v. State*, 30 N.E.3d 719, 726 (Ind. 2015) (quotation omitted).

[14] Baker has not shown fundamental error. When our Supreme Court, in its *Baker* decision, used the phrase "a greater number of separate criminal offenses than the defendant is charged with," it was referring to situations where evidence is presented of entirely separate criminal incidents, each of which could be used to support a conviction. The defendant in that case was charged with three counts of child molesting—one count each for three girls—and the State presented evidence that he molested each girl multiple times on separate occasions over a period of three years. This Court addressed a similar situation in *Castillo v. State*, 734 N.E.2d 299 (Ind. Ct. App. 2000), *reh'g denied*, *summarily aff'd*, 741 N.E.2d 1196 (Ind. 2001). There, we held that a specific unanimity instruction should have been given because the State charged the defendant with one count of dealing cocaine but presented evidence of two deals at different times and locations.

[15] Here, on the other hand, the State presented evidence of a single continuous attack, albeit an attack that included multiple acts of violence—Baker punching Humphrey, throwing her to the ground, pinning her to the ground, and choking her twice. Under the continuous-crime doctrine, "actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in

terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Walker v. State*, 932 N.E.2d 733, 735 (Ind. Ct. App. 2010), *reh'g denied*. Citing this doctrine, we have held that where multiple acts that could each support a guilty verdict are all part of a continuous episode, a *Baker* unanimity instruction isn't required. *See Benson v. State*, 73 N.E.3d 198 (Ind. Ct. App. 2017) (one count of attempted murder based on evidence that defendant shot at police officer twice during a continuous ninety-second pursuit), *trans. denied*; *see also Vest v. State*, 930 N.E.2d 1221 (Ind. Ct. App. 2010) (holding that a specific unanimity instruction wasn't required where the State charged the defendant with one count of resisting law enforcement and presented evidence that the defendant fled from three officers during a continuous two-minute pursuit), *reh'g denied*, *trans. denied*.

[16]  In this case, the State charged Baker with two offenses—domestic battery and strangulation—and it presented evidence of a single continuous attack that included both offenses. Therefore, the lack of a specific unanimity instruction wasn't error, let alone fundamental error.

## II. Baker's convictions are not double jeopardy under *Wadle v. State*

[17]  Alternatively, Baker argues that "one of his convictions should be vacated on substantive double jeopardy grounds" under *Wadle v. State*, 151 N.E.3d 227 (Ind. 2020), because the jury "may have" convicted him of both strangulation and domestic battery based on the "same act" of choking. Appellant's Br. p. 18. As an initial matter, we think it is highly unlikely the jury found Baker guilty on

both counts based on the same act of choking. In its closing argument, the State's discussion of the strangulation charge focused on the evidence of choking, while its discussion of the domestic-battery charge focused on the evidence that Baker punched Humphrey, threw her to the ground, and pinned her to the ground. *See* Tr. pp. 173-77.

[18] But even assuming the jury based both guilty verdicts on the same act of choking, there would be no double-jeopardy violation. In *Wadle*, our Supreme Court established a three-step test for determining whether convictions under multiple statutes constitute double jeopardy:

1. We first look to the statutes themselves. If either statute clearly permits multiple punishment, whether expressly or by unmistakable implication, the court's inquiry comes to an end and there is no violation of substantive double jeopardy.

2. But if the statutory language is not clear, then a court must apply our included-offense statutes to determine whether the charged offenses are the same. *See* Ind. Code § 35-31.5-2-168. If neither offense is included in the other (either inherently or as charged), there is no violation of double jeopardy.

3. But if one offense is included in the other (either inherently or as charged), then the court must examine the facts underlying those offenses, as presented in the charging instrument and as adduced at trial. If, based on these facts, the defendant's actions were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction, then the prosecutor may charge the offenses as alternative sanctions only. But if the defendant's actions prove otherwise, a court may convict on each charged offense.

151 N.E.3d at 253 (cleaned up).

[19] Baker's argument that the jury "may have" convicted him of both strangulation and domestic battery based on the same act of choking concerns the third step of the test. But we don't reach the third step unless the second step is satisfied—that is, if one offense is included in the other, "either inherently or as charged." Here, the second step isn't satisfied.

[20] To determine whether an offense is "inherently included" in another offense, we look at the statutory elements of each offense and ask whether (1) one offense may be established by proof of the same material elements or less than all the material elements of the other offense or (2) the only feature distinguishing the two offenses is that a lesser culpability is required to establish the commission of the lesser offense. *Id.* at 251 n.30. Neither is true here. The strangulation statute includes an element that the domestic-battery statute does not: the defendant must apply pressure to the throat, neck, or upper torso of another person, or obstruct the nose or mouth of another person, "in a manner that impedes the normal breathing or the blood circulation of the other person." I.C. § 35-42-2-9(c). And the domestic-battery statute includes an element that the strangulation statute does not: the victim must be a "family or household member." I.C. § 35-42-2-1.3(a). Therefore, neither offense is inherently included in the other.

[21] To determine whether an offense is included "as charged" (or "factually included") in another offense, we look at the charging information and ask

whether it alleges that the means used to commit one offense include all the elements of the other offense. *Wadle*, 151 N.E.3d at 251 n.30. Here, the strangulation charge specifically alleged that Baker applied pressure to Humphrey's throat or neck, but the domestic-battery charge tracked the language of the domestic-battery statute, without alleging any specific act of battery. Appellant's App. Vol. II p. 17. Therefore, neither offense is included "as charged" in the other.

[22] Because neither offense is included in the other, either inherently or as charged, we don't reach the third step of the *Wadle* test.[1]

[23] Affirmed.

Bradford, J., and Brown, J., concur.

---

[1] We noted in *Mills v. State*, 211 N.E.3d 22, 34 n.4 (Ind. Ct. App. 2023), that this reading of *Wadle* means the State can in some cases avoid what would otherwise be a clear double-jeopardy violation simply by omitting detailed factual allegations from a charging information. The defendant in that case has filed a petition to transfer. *See* No. 22A-CR-1392.